UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-25-MOC

| | |
|---|---|
| **JARRET LEE DOCKERY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **AMENDED ORDER** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of** ) | |
| **Social Security,** ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A). (Doc. No. 17). Based on the pleadings as well as recognizing Plaintiff's waiver of direct payment and assignment of EAJA to his counsel, the motion is **GRANTED**.

The Court has amended its original order to recognize that, in its response brief, Defendant has argued essentially that Plaintiff should be rewarded with a 50% reduction in fees because, following this Court's remand, the ALJ made nearly identical errors in weighing the opinion evidence. The Court declines to reduce the fees for this reason, as this would have a chilling effect on counsels' willingness to take cases. Accord Christmas v. Astrue, 3:09-cv-00005, 2010 WL 2326510, at *4 (W.D. Va. June 9, 2010). That is, the Court agrees with Plaintiff that counsel's fees should not be reduced merely because Plaintiff was wrongfully denied benefits more than once in the same case. Plaintiff makes the salient point that if attorneys can only receive 50% of their fees when a case is remanded more than once, attorneys will stop taking such cases to court. Furthermore, the Court agrees with Plaintiff that the work was not

1

identical, and the additional work was necessary. Therefore, the Court rejects Defendant's arguments regarding Plaintiff's counsel being paid twice for the same work, and the Court finds that it was reasonable for Plaintiff's counsel to spend 8.2 hours researching and drafting issues tailored to the ALJ's new decision.

The Court also finds that 2.1 hours was reasonable to draft the procedural section because half of that section relates to the prior decision. However, the time charged is for the additional information that had to be added. For example, the Court's prior decision had to be reviewed and then summarized. The new ALJ decision had to be summarized. Updates were made to the page numbers where evidence could be found. The Court finds that the work was reasonable and necessary. Additionally, the Court finds that the fees incurred in preparing a Reply were also reasonable and necessary.

Finally, the Court will not, however, require Defendant to pay the additional fees of $755.87 that Plaintiff seeks for fees incurred in preparing the Reply.

**IT IS HEREBY ORDERED** that attorney fees in the total amount of Six Thousand Nine Hundred Thirty-Eight Dollars and Twelve Cents ($6,938.12) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) are awarded to Plaintiff. <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010).

The Court hereby awards EAJA fees, as follows:

1. Plaintiff is awarded 28.3 hours at $229.05 per hour in the first half of 2022 in the amount of $6,482.12 for attorney's fees under 28 U.S.C. § 2412(d):

2. Plaintiff is awarded 5.7 hours at $80.00 per hour in the amount of $456.00 for Paralegal Services.

If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses,

and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff's attorney, Olinsky Law Group. Any payment of costs may be made either by electronic fund transfer (EFT) or by check.

Whether the check is made payable to Plaintiff or to Plaintiff's attorney, the check shall be mailed to Olinsky Law Group at the following address:

>250 South Clinton Street
>
>Suite 210
>
>Syracuse, NY 13202

**IT IS SO ORDERED**.

Signed: March 10, 2023

Max O. Cogburn Jr.
United States District Judge